Marc E. Bernstein, Esq.
70 Pine Street, 31st Floor
New York, New York 10270
(212) 770-6907
Attorney for Claimant



**FILED**
DEC 2 2 2005
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO
DIVISION

| | |
|---|---|
| IN RE | Chapter 11 |
| FIRST VIRTUAL COMMUNICATIONS, INC. | Case No.: 05-30145 |
| Debtor(s). | (Jointly Administered) |

**REQUEST AND APPLICATION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. AND CERTAIN OTHER AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC. FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

National Union Fire Insurance Company of Pittsburgh, P.A. and certain other affiliates of American International Group, Inc. (together "Claimant"), which provided insurance coverage or other services to (the "Debtors"), hereby file this request for payment of administrative expense claim, and respectfully state as follows:

1. On January 20, 2005, the Debtors commenced their bankruptcy cases under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2. On and after the Petition Date, the Claimant provided and continues to provide general liability insurance coverages, among others, to the Debtors

for various periods commencing on April 29, 2003 and ending on April 29, 2005[1]. A spreadsheet listing the post-petition policies issued to the Debtors is attached hereto as Exhibit A. Additionally, Claimant and Debtors may have or may in the future enter into additional policies during the pendency of the bankruptcy case.

3. Pursuant to the policies, the Debtors are obligated to pay to Claimant, among other things, premium, certain deductibles, self-insured retentions, reimbursement obligations, any additional premium, fees, expenses and related costs. Claimant is entitled to administrative expense status pursuant to section 503(b) of the Bankruptcy Code for all amounts, liquidated, unliquidated, contingent or otherwise, for insurance and other services provided to the Debtors after the Petition Date. If any amounts become liquidated and due, Claimant seeks to be paid in the ordinary course of business. This Request is made for all obligations of the Debtors arising under the policies issued by Claimant to the Debtors whether or not the relevant insurance policies and related agreements are specifically listed or described in Exhibit A. Claimant reserves the right to amend this administrative expense claim request as such amounts become liquidated.

4. The test to determine whether an applicant is entitled to payment of an administrative expense, is whether the efforts of the applicant resulted in actual and demonstrable benefit to the debtor's estate. In re AM Intern, Inc., 203 B.R. 898, 904 (Bankr. D. Del. 1996) (citing Lebron v. Mecham Financial, Inc., 27 F.3d 944 (3d Cir. 1994)). It is well settled that insurance is a recognized means of protecting and

---

[1] Nothing herein shall be deemed to modify the terms of the policies. For issues of coverage or

2

Case: 05-30145    Doc# 371    Filed: 12/22/05    Entered: 12/28/05 15:46:34    Page 2 of 6

preserving the estate, thus providing a benefit to the estate. In re Gamma Fishing Co., Inc., 70 B.R. 949, 953 (Bankr. S.D. Calif. 1987) (citing 2 Collier Bankruptcy Manual, 503-517 (3d ed. 1986)). It is equally well settled that the insurance provider is to be awarded administrative expense priority for the pro rata share of the premium during the post petition period in which the estate received benefits from the insurance contract. Gamma., 70 B.R. at 955 (where debtor receives necessary benefits from a pre-petition insurance contract, the insurer is entitled to an administrative claim for the pro-rata share of the premium during which the estate received the benefit of the contract).

5. As the amount owed to Claimant relates to the period arising after the Petition Date and the Debtors received a substantial benefit from the existence of the insurance coverage, Claimant is entitled to an administrative expense claim, pursuant to section 503(b) of the Bankruptcy Code.

6. Additionally, Claimant reserves the right to amend this request for payment to add any additional premiums or any deductibles, losses, or retentions on any of the policies set forth herein or on the list attached hereto in Exhibit A.

7. The filing of this request for payment is not intended to waive any right to arbitration. Claimant expressly reserves the right to seek arbitration of any dispute arising in connection with this request. To the extent of any pre-existing arbitration agreement, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

---

otherwise, the policies shall control.

8.  In executing and filing this request for payment, Claimant: (i) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said request for payment; (ii) does not waive any right or rights that it has or may have against any other persons liable for all or part of the request for payment set forth herein; (iii) expressly reserves the right to the extent permitted by law to amend or supplement this request for payment in any respect; and (iv) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims. Claimant expressly reserves all rights to cancel or rescind any and all of the agreements which are the subject of this request for payment.

WHEREFORE, Claimant respectfully requests that the Court enter an Order (i) granting Claimant an allowed administrative expense claim for any amounts arising after the Petition Date; (ii) requiring the Debtors to make payment of such claim in the ordinary course of business; and (iii) providing for such other relief that the Court deems just and proper.

Dated this 21st of December, 20005.

By: *(signature)*
Marc E. Bernstein, Esq.
Attorney for Claimant
70 Pine Street, 31st Floor
New York, New York 10270

4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Request and Application of National Union Fire Insurance Company of Pittsburgh, P.A. and certain other affiliates of American International Group, Inc. for Payment of Administrative Expense Claim has been furnished by express mail to: U.S. Bankruptcy Court 235 Pine Street, 19th Floor, Post Office Box 7341, San Francisco, CA 94120 this 21st day of December, 2005.

*[signature]*
Marc E. Bernstein, Esq.

| | Policy # | Insured | Writing Co. | LOB | BRC | PC | Eff. Date | Exp. Date |
|---|---|---|---|---|---|---|---|---|
| | | | **First Virtual Communications Inc.-Admin list** | | | | | |
| 1 | 3243852 | FIRST VIRTUAL | N U F I CO OF PITTSBURGH PA | GL | 03 | 39 | 0304 | 0504 |